UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                               Case No. 8:13-cv-00858-T-27AEP

JOHN DOE subscriber assigned IP address
173.65.248.93,

    Defendant.
_____/

## ORDER

This cause comes before the Court upon Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Dkt. No. 4). Plaintiff filed this action alleging direct and contributory copyright infringement against an unnamed Defendant (the "John Doe Defendant") for unlawfully reproducing, distributing, or transmitting a motion picture for which Plaintiff holds the copyright (Dkt. No. 1). Plaintiff has identified the Internet Protocol ("IP") address for the John Doe Defendant from which the allegedly infringing conduct has occurred. By the instant motion, Plaintiff seeks to issue a third-party subpoena to the John Doe Defendant's Internet Service Providers ("ISPs") to ascertain the John Doe Defendant's true identity prior to the scheduling conference required under Rule 26(f), Federal Rules of Civil Procedure (Dkt. No. 4).

Typically, absent a court order, a party may not seek discovery from any source before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). A court may allow expedited discovery prior to the Rule 26(f) conference upon a showing of good cause, however. *Platinum Mfg. Int'l, Inc.*

*v. UniNet Imaging, Inc.*, 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008); *Arista Records LLC v. Does 1-7*, 3:08-CV-18(CDL), 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008); *see* Fed. R. Civ. P. 26(b) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). Here, Plaintiff has established that it holds a copyright for multiple movies allegedly copied and distributed by John Doe Defendant through the use of BitTorrent protocol (Dkt. No. 1, Exs. A, B, C) and that a forensic investigation revealed potential infringement of Plaintiff's rights in that work by John Doe Defendant (Dkt. No. 4, Declaration of Tobias Fieser ("Fieser Declaration")). Plaintiff has clearly identified the information sought through discovery by identifying the IP address for John Doe Defendant as well as the "hit date," city, state, ISP, and network for the IP address and shown that it has no other way to obtain John Doe Defendant's true identity. Moreover, the information Plaintiff seeks is time sensitive as ISPs do not retain user activity logs for an extended duration. *See* Fieser Declaration at 2; *see also Arista Records*, 2008 WL 542709, at *1. Accordingly, if Plaintiff does not timely obtain John Doe Defendant's identifying information, Plaintiff may lose its ability to pursue its claims in this action. As such, Plaintiff has established good cause for proceeding with expedited discovery prior to the Rule 26(f) conference.

Although Plaintiff has shown good cause for early discovery, its broad request does not sufficiently protect against the likelihood that an innocent defendant may be publicly identified by having his or her name associated with allegations of illegal downloading or adult films. As another court aptly stated,

> [T]he ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes. ... By defining

2

> Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.

*SBO Pictures, Inc. v. Does 1–3036*, No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011) (internal quotation and citation omitted). Accordingly, procedural protections are necessary before any identifying information is made public. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 (E.D.N.Y. May 1, 2012). After consideration, therefore, it is hereby

ORDERED:

1. Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Dkt. No. 4) is GRANTED as to John Doe Defendant.

2. Plaintiff may serve the ISP, as listed in Exhibit A attached to the Complaint, with a Rule 45 subpoena commanding it to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address of John Doe Defendant for whom the ISP assigned an IP address. Plaintiff may also serve a Rule 45 subpoena on any service provider identified in response to a subpoena as a provider of internet services to John Doe Defendant. Plaintiff shall attach a copy of the Complaint and this Order to any subpoena issued pursuant to this Order.

3. If the ISP qualifies as a "cable operator" under 47 U.S.C. § 522(5),[1] it shall comply

---

[1] "The term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for,

3

with 47 U.S.C. § 551(c)(2)(B), which provides that

> A cable operator may disclose [personally identifiable information] if the disclosure is ... made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]

4. Upon receipt of the requested information in response to a Rule 45 subpoena served on the ISP, Plaintiff shall only use the information disclosed for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint.

5. To address potential issues relating to the identity of John Doe Defendant, the parties shall adhere to the following procedures:

    a. Plaintiff shall immediately inform John Doe Defendant if it contacts Plaintiff or if Plaintiff contacts it that she or he has the right to obtain legal counsel to represent him or her in this matter and that anything said or provided by him or her can and likely will be used against him or her in this proceeding.

    b. If John Doe Defendant does not wish to be contacted by Plaintiff, he or she may at any time inform Plaintiff by phone or send Plaintiff's counsel a letter or e-mail addressed to klipscomb@lebfirm.com that states: "Please do not contact me (again) prior to serving me in this matter."

    c. Plaintiff must notify John Doe Defendant, or his or her counsel if represented, of Plaintiff's intent to name and serve him or her at least

---

through any arrangement, the management and operation of such a cable system[.]" 47 U.S.C. § 522(5).

4

fourteen (14) calendar days prior to seeking issuance of a summons from the Clerk for him or her.

DONE AND ORDERED in Tampa, Florida, on this 9th day of April, 2013.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record